UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID LEE BOWDER and BRENDA KAY BOWDER, <br><br> Plaintiffs, <br><br> v. <br><br> PHH MORTGAGE SERVICES, <br><br> Defendant. | CIVIL ACTION <br><br> CASE NO. 21-cv-413 <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR RELIEF PURSUANT TO
THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT, FOR VIOLATIONS
OF THE BANKRUPTCY DISCHARGE INJUNCTION, AND FOR VIOLATIONS OF
THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

COME NOW Plaintiffs, DAVID and BRENDA BOWDER ("Plaintiffs"), by and through their attorneys, Law Office of Ronald A. Buch, LLC, and complains of the Defendant, PHH MORTGAGE SERVICES ("PHH"), as follows:

NATURE OF THE ACTION

1. Plaintiffs bring this action against PHH for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, et seq., for violations of the Bankruptcy Discharge Injunction pursuant to 11 U.S.C. §524, and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act pursuant to 815 ILCS 505/1 et seq.

JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 47 U.S.C §227, and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as PHH transacts business in the Southern District of Illinois and the property that is the subject of the action is situated within the Southern District of Illinois.

## PARTIES

4. Plaintiffs, DAVID LEE BOWDER and BRENDA KAY BOWDER, are natural persons who at all times relevant resided in Farmington, Missouri, and are a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

5. At all times relevant to this action, PHH was a corporation incorporated under the laws of the State of New Jersey with its principal place of business located at 1 Mortgage Way, Mount Laurel, New Jersey 08054.  PHH's Illinois Registered Agent is Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, IL 62703.

6. PHH is in the business of collecting defaulted mortgages and debts in the state of Illinois.

7. PHH qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mail and/or the telephone to collect, or to attempt to collect, delinquent consumer accounts.

8. PHH qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because the debt which is the subject of this Complaint was in default when it acquired rights in the debt.

9. PHH qualifies as a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because the principal purpose of its business is to collect debt and it regularly collects or attempts to collect defaulted debts owed to another party.

10. At all times relevant to this complaint, PHH was collecting on a consumer debt as defined by 15 U.S.C. §1692a.

**FACTS SUPPORTING CAUSE OF ACTION**

11. On May 29, 2009, Plaintiffs filed a joint Chapter 7 petition in the United States Bankruptcy Court, Southern District of Illinois, case number 09-31439, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* attached Exhibit 1, a true and correct copy of the Notice of Bankruptcy.

12. Subsequently, on November 18, 2009, Plaintiffs Chapter 7 petition was converted to a Chapter 13. *See* attached Exhibit 2, a true and correct copy of the Order granting Motion to Convert from Chapter 7 to Chapter 13.

13. Plaintiffs listed Homecoming Financial ("Original Creditor")(hereafter "HF") as a creditor for a debt ("subject debt") on their bankruptcy Schedule D. *See* attached Exhibit 3, a true and correct copy of Schedule D filed with Plaintiffs' Bankruptcy Petition.

14. On December 3, 2009, The Bank of New York Mellon Trust Company, National Association filed Proof of Claim #2 in the amount of $50,661.12 for a second mortgage, which was secured by property located at 121 Kathy Drive, Shiloh, Illinois. Said Claim indicated the loan was being serviced by GMAC Mortgage, LLC (hereafter "GMAC"). *See* attached Exhibit 4, a true and correct copy of Proof of Claim #2.

15. On December 14, 2009, the Chapter 13 Trustee sent HF notice of the bankruptcy filing. *See* attached Exhibit 5, a true and correct copy of the Certificate of Notice executed by the Chapter 13 Trustee establishing service of the notice of bankruptcy filing upon HF.

16. Plaintiffs' 341(a) meeting of creditors was held on January 14, 2010.

17. No representative of HF attended the meeting of creditors.

18. Each of the Plaintiffs' Amended Plans Number 4, 5 and 6, carried the following language which surrendered the subject property back to HF:

> The Debtor surrenders any and all right, title and interest in the following collateral.  If applicable, any unsecured deficiency claim must be filed within 160 days of the Petition date:  Homecoming-2nd mortgage, residence, 121 Kathy Drive, O'Fallon, IL 62269.

*See* attached Exhibits 6, 7 and 8 true and correct copies of Amended Plans Number 4, 5 and 6.

19. On February 7, 2013, GMAC sent Plaintiffs a letter indicating the servicing of the Plaintiffs' loan was being transferred from GMAC to Ocwen Loan Servicing, LLC (hereafter "OCWEN").  *See* attached Exhibit 9, a true and correct copy of the letter from GMAC.

20. On March 19, 2013, Plaintiffs' Amended Plan Number 6 was approved by Order of the Bankruptcy Court.  *See* attached Exhibit 10, a true and correct copy of the Order Approving Modified Plan.

21. On December 16, 2014, the Plaintiffs received an Order of Discharge of all debts included in their bankruptcy petition pursuant to 11 U.S.C. § 1328(a), including the "subject debt."  *See* attached Exhibit 11, a true and correct copy of the Order of Discharge entered by the United States Bankruptcy Court for the Southern District of Illinois and the BNC Notice Recipients.

22. The discharge order effectuated a discharge of the debt to the Original Creditor, providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged.  For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . to collect a discharged debt from the debtor.  *Id.* at pg. 2.

23. Pursuant to 11 U.S.C. §§ 524, 1328, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debtors by HF, GMAC, OCWEN, PHH, or any other party.

24. On February 6, 2017, US Bank NA, as successor Trustee, in Trust for Registered Holders of Bear Stearns Asset Backed Securities Trust 2006-1, Asset-Backed Certificates, Series 2006-1, the holder of the first mortgage, filed a Complaint to Foreclose Mortgage. Said Complaint listed Defendants as Brenda K. Bowder; David Lee Bowder; The Bank of New York Mellon Trust Company, National Association; Discover Bank; Unknown Owners and Non-Record Claimants, as Defendants. *See* attached Exhibit 12, a true and correct copy of the St. Clair County, Illinois Civil Records Case Detail.

25. On August 23, 2018, an Order approving the Report of Sale and Distribution and for Possession was entered. *See* attached Exhibit 12, a true and correct copy of the St. Clair County, Illinois Civil Records Case Detail.

26. A search of the St. Clair County, Illinois real estate tax records shows the Plaintiffs have not been listed as owners of the subject property since 2017.

27. Upon information and belief, OCWEN and PHH merged their two companies, enabling OCWEN to service loans through PHH.

**PHH'S UNLAWFUL POST-DISCHARGE COMMUNICATION**

28. On August 20, 2020, with actual knowledge of Plaintiffs' Bankruptcy discharge, PHH attempted to collect the subject debt from Plaintiffs personally by sending a payment demand ("dunning letter") directly to the Plaintiffs at their home address in Farmington, Missouri. *See* attached Exhibit 13, a true and correct copy of the August 20, 2020, letter sent by PHH to Plaintiffs.

29. The August 20, 2020, dunning letter sent by PHH sought to collect the subject debt and alleged an amount due of $50,335.74 with a due date of 9/15/2020.

5

30. The August 20, 2020, dunning letter included a detachable payment coupon instructing Plaintiffs to "complete the coupon, tear it off and return it with your check" and listed the total amount due of $50,335.74.

31. On September 10, 2020, Plaintiffs sent an email to rma@mortgagefamily.com and customerservice@mortgagefamily.com advising that all loans associated with the property located at 121 Kathy Drive, Shiloh, Illinois were included in bankruptcy and requested they contact their attorney. *See* attached Exhibit 14, a true and correct copy of the emails to rma@mortgagefamily.com and customerservice@mortgagefamily.com .

32. On September 21, 2020, with actual knowledge of Plaintiffs' Bankruptcy discharge, PHH attempted to collect the subject debt from Plaintiffs personally by sending a payment demand ("dunning letter") directly to the Plaintiffs at their home address in Farmington, Missouri. *See* attached Exhibit 15, a true and correct copy of the September 21, 2020, letter sent by PHH to Plaintiffs.

33. The September 21, 2020, dunning letter sent by PHH sought to collect the subject debt and alleged an amount due of $50,886.38 with a due date of 10/15/2020.

34. The September 21, 2020, dunning letter included a detachable payment coupon instructing Plaintiffs to "complete the coupon, tear it off and return it with your check" and listed the total amount due of $50,866.38.

35. On September 29, 2020, Plaintiffs received an email from customer.service@mortgagesvcs.com. Said email stated, "Thank you for your email to PHH Mortgage Services, LLC. We have received your request and our team will respond to your shortly. Please contact us if you have any questions." *See* attached Exhibit 16, a true and correct copy of the email from PHH.

36. On November 17, 2020, with actual knowledge of Plaintiffs' Bankruptcy discharge, PHH attempted to collect the subject debt from Plaintiffs personally by sending a payment demand ("dunning letter") directly to the Plaintiffs at their home address in Farmington, Missouri. *See* attached Exhibit 17, a true and correct copy of the November 17, 2020, letter sent by PHH to Plaintiffs.

37. The November 17, 2020, dunning letter sent by PHH sought to collect the subject debt and alleged an amount due of $51,927.66 with a due date of 12/15/2020.

38. The November 17, 2020, dunning letter included a detachable payment coupon instructing Plaintiffs to "complete the coupon, tear it off and return it with your check" and listed the total amount due of $51,927.66.

39. On February 1, 2021, with actual knowledge of Plaintiffs' Bankruptcy discharge, PHH attempted to collect the subject debt from Plaintiffs personally by sending a payment demand ("dunning letter") directly to the Plaintiffs at their home address in Farmington, Missouri. *See* attached Exhibit 18, a true and correct copy of the February 1, 2021, letter sent by PHH to Plaintiffs.

40. The February 1, 2021, dunning letter sent by PHH sought to collect the subject debt and alleged an amount due of $53,014.20 with a due date of 2/15/2021.

41. The February 1, 2021, dunning letter included a detachable payment coupon instructing Plaintiffs to "complete the coupon, tear it off and return it with your check" and listed the total amount due of $53,014.20.

42. On March 2, 2021, with actual knowledge of Plaintiffs' Bankruptcy discharge, PHH attempted to collect the subject debt from Plaintiffs personally by sending a payment demand

("dunning letter") directly to the Plaintiffs at their home address in Farmington, Missouri. *See* attached Exhibit 19, a true and correct copy of the March 2, 2021, letter sent by PHH to Plaintiffs.

43. The March 2, 2021, dunning letter sent by PHH sought to collect the subject debt and alleged an amount due of $53,544.84 with a due date of 3/15/2021.

44. The March 2, 2021, dunning letter included a detachable payment coupon instructing Plaintiffs to "complete the coupon, tear it off and return it with your check" and listed the total amount due of $53,544.84.

45. In addition to the dunning letters sent by PHH, the Plaintiffs received numerous telephone calls daily from PHH attempting to collect on the subject debt.

46. PHH's collection efforts occurred with actual knowledge of Plaintiffs' bankruptcy filing and subsequent discharge.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

47. Plaintiffs repeat and re-allege paragraphs 1 through 46 as though fully set forth herein.

48. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed to another for personal, family or household purposes.

49. PHH is a "debt collector" because it acquired rights to the subject loan after it was in default. 15 U.S.C. § 1692a(6).

50. PHH violated 15 U.S.C. §§ 1692e(2), 1692e(10) and 1692f through its debt collection efforts of the "subject debt" which is a consumer debt.

51. PHH violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of the alleged debt as the subject debt was not owed by virtue of the Order of Discharge entered in their bankruptcy case.

52. PHH violated 15 U.S.C. §1692e(10) by falsely representing that the subject debt was collectible when it sent billing statements to Plaintiffs.

53. PHH violated 15 U.S.C. §1692f by employing unfair and unconscionable means to collect the subject debt by sending the dunning letters attempting to collect the subject debt which was discharged in Plaintiffs' bankruptcy and not owed.

54. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover, or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

55. PHH attempted to coerce Plaintiffs into paying a debt that was not legally collectible because Plaintiffs were protected by the Order of Discharge.

56. As an experienced debt collector, PHH knew or should have known not to send bills to a debtor that is protected by the Order of Discharge.

57. PHH knew or should have known that Plaintiffs' pre-petition debt was uncollectable because of the Order of Discharge.

58. PHH appears to have no system in place to identify and cease the collection of debts included in or discharged in bankruptcy.

59. PHH's failure to scan their database to prevent the unlawful collection of the subject debt was willful.

60. Plaintiffs suffered from PHH's unlawful collection activities.

61. Plaintiffs suffered from emotional distress due to PHH's unlawful attempts to collect the discharged debt, as they were led, by PHH's collection activities, to believe their bankruptcy had no effect.  The dunning letter was highly confusing to Plaintiffs.

62. Plaintiffs were unduly inconvenienced and harassed by PHH's unlawful attempts to collect the discharged subject debt.

63. Concerned about the violations of their rights and protections that were expected by their bankruptcy discharge, Plaintiffs sought the assistance of counsel to ensure that PHH's collection efforts ceased.

64. Plaintiffs have expended time consulting with their attorneys and have incurred attorney's fees as a result of PHH's deceptive collection actions.

WHEREFORE, Plaintiffs, DAVID LEE BOWDER and BRENDA KAY BOWDER, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes;

b. Awarding Plaintiffs statutory damages for the underlying FDCPA violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD
### AND DECEPTIVE BUSINESS PRACTICES ACT

65. Plaintiffs repeat and re-allege paragraphs 1 through 64 as though fully set forth herein.

66. Plaintiffs are a "person" as defined in ICFA, 815 ILCS 505/1(c).

67. PHH is engaged in "commerce" as defined in ICFA, 815 ILCS 505/1(f).

68. PHH violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice by using fraud, deception, and misrepresentation in its attempt to collect from Plaintiffs a debt protected by the Discharge Injunction afforded by the Bankruptcy Code, 11 U.S.C. §524.

The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

69. PHH's collection attempts represent the use of deception, fraud, and false pretense in an attempt to collect a debt because it was not collectable at the time the dunning letter was sent to Plaintiffs.

70. PHH's dunning letter was sent with knowledge of the discharge injunction. It was unfair to Plaintiffs because the subject debt was not collectible as a matter of law.

71. PHH's failure to abide by the discharge injunction constitutes deception and unfairness in regards to its collection attempts upon Plaintiffs.

72. PHH's confusing and deceptive dunning letter sent to Plaintiffs demonstrates that PHH regularly engages in such practices designed to mislead debtors.

73. ICFA was designed to protect consumers from the unfair and deceptive acts committed by PHH.

74. PHH's misrepresentations are unlawful, contradicting the intent of ICFA.

75. PHH intended for Plaintiffs to rely on its misrepresentations by sending the dunning letter to induce payment on an uncollectable debt.

76. It was unfair for PHH to mislead Plaintiffs into believing the subject debt was still owed, when it was not.

77. It was unfair for PHH to seek to collect the subject debt from Plaintiffs through its misleading dunning letter.

78. It was unfair for PHH to attempt to induce Plaintiffs into making payments on an uncollectable debt by sending the dunning letter to Plaintiffs.

79. PHH intended that Plaintiffs rely on its misrepresentation and Plaintiffs did in fact rely on PHH's misrepresentation as they were led to believe their bankruptcy had no legal effect and that they still owed the subject debt to PHH.

80. PHH's demand was unfair and deceptive because it was systematically calculated to mislead Plaintiffs into believing the subject debt was still owed, when in fact the subject debt was discharged in Plaintiffs' bankruptcy.

81. ICFA further states:

> Any person who suffers actual damage as a result of a violation of the Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10a

82. Plaintiffs are entitled to relief pursuant to 815 ILCS 505/10a for the following reasons:

   a. Plaintiffs have suffered damages in the form of emotional distress and time spent consulting with their attorneys as a result of PHH's unlawful collection practice.

   b. An award of punitive damages is appropriate because PHH's conduct was outrageous, willful and wanton, showed reckless disregard for the Plaintiffs' rights, and Plaintiffs had no choice but to submit to the dunning letter.

WHEREFORE, Plaintiffs, DAVID LEE BOWDER and BRENDA KAY BOWDER, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Ordering the deletion of adverse credit reporting, if any, related to the debt;

d. Awarding Plaintiffs' costs and reasonable attorney fees pursuant to 815 ILCS 505/10a(c);

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT III
### VIOLATIONS OF THE BANKRUPTCY DISCHARGE INJUNCTION

83. Plaintiffs repeat and re-allege paragraphs 1 through 82 as fully set forth herein.

84. On December 16, 2014, the Plaintiffs received an Order of Discharge of all debts included in their bankruptcy petition pursuant to 11 U.S.C. § 1328(a), including the "subject debt."

85. The discharge order effectuated a discharge of the debt to the Original Creditor, providing as follows:

> The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise . . . to collect a discharged debt from the debtor. *Id.* at pg. 2.

86. Pursuant to 11 U.S.C. §§ 524, 1328, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debtor by HF, GMAC, OCWEN, PHH, or any other party.

87. The debt owed to PHH is a debt that was discharged under the Bankruptcy Court's Order.

88. If the act to collect on the subject debt after the bankruptcy is filed is deemed willful then Plaintiffs may recover actual damages as well as punitive damages pursuant to 11 U.S.C. §524(a)(2).  Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004).

89.  Because PHH was notified of the Order of Discharge, its actions taken to collect on the subject debt while knowing that the subject debt had been discharged, constitutes a violation of the Discharge Injunction.

90. PHH's actions were willful under 11 U.S.C. §524(a)(2).

91. Plaintiffs suffered from PHH's unlawful collection activities.

92. Plaintiffs suffered from emotional distress due to PHH's unlawful attempts to collect the subject debt, as they were led, by PHH's collection activities, to believe their bankruptcy had no effect.  The dunning letter was highly confusing to Plaintiffs.

93. Plaintiffs were unduly inconvenienced and harassed by PHH's unlawful attempts to collect the subject debt.

94. Concerned about the violations of their rights and protections that were expected by their bankruptcy filing, Plaintiffs sought the assistance of counsel to ensure that PHH's collection efforts ceased.

95. Plaintiffs have expended time consulting with their attorneys and have incurred attorney's fees as a result of PHH's deceptive collection actions.

WHEREFORE, Plaintiffs, DAVID LEE BOWDER and BRENDA KAY BOWDER, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

    c.  Ordering the deletion of adverse credit reporting, if any, related to the debt;

    d.  Awarding Plaintiffs' costs, reasonable attorney fees, and punitive damages pursuant to 11 U.S.C. §524(a)(2); and

    e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 26, 2021                            Respectfully Submitted,

/s/ Kimberly D. Litherland, Esq.
Ronald A. Buch, ARDC #: 6209955
Kimberly D. Litherland, ARDC#:  6299352 **lead counsel**
Attorneys for Plaintiffs
Law Office of Ronald A. Buch, LLC
5312 West Main Street
Belleville, IL 62226
Phone: (618) 236-7000
Fax: (618) 236-7002
belleville@tbcwam.com